**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | Case No. 18-11736 (BLS) |
| Debtors. | (Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of HERITAGE HOME GROUP, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-50772 (BLS) |
| KPS SPECIAL SITUATIONS FUND III (A), L.P.; KPS SPECIAL SITUATIONS FUND III, LP; KPS SPECIAL SITUATIONS FUND III (SUPPLEMENTAL), LP; KPS SPECIAL SITUATIONS FUND III (AIV), LP; KPS OFFSHORE INVESTORS LTD.; KPS CAPITAL PARTNERS, LP; KPS CAYMAN MANAGEMENT III LTD.; KPS INVESTORS III, LTD.; KPS INVESTORS III, LP; KPS INVESTORS III (AIV), LP; KPS INVESTORS III (AIV), LTD., | |
| Defendants, | |
| PNC BANK, NATIONAL ASSOCIATION, | |
| Nominal Defendant. | |

Objection Deadline: July 14, 2021, at 4:00 p.m. (ET)
Hearing Date: July 21, 2021 at 9:45 a.m. (ET)

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE
SETTLEMENT AGREEMENT WITH KPS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, under sections 105 and

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506) ("HHG"); HH Global II B.V. (0165) ("HH Global II"); HH Group Holdings US, Inc. (7206) ("HHG Holdings"); HHG Real Property LLC (3221) ("HHG Property"); and HHG Global Designs LLC (1150) ("HHG Designs").

363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a settlement

agreement (the "Settlement Agreement") by and between (a) the Trustee, and (b) KPS Special

Situations Fund III (A), L.P., KPS Special Situations Fund III, LP,  KPS Special Situations Fund

III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Offshore Investors Ltd.,

KPS Capital Partners, LP, KPS Cayman Management III Ltd., KPS Investors III, Ltd., KPS

Investors III, LP, KPS Investors III (AIV), LP, and KPS Investors III (AIV), Ltd. (collectively,

"KPS," and together with Trustee, the "Parties").[2]  A copy of the Settlement Agreement is

attached to the proposed form of order as Exhibit 1.  In support of this Motion, the Trustee

respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference from the United States District Court*

*for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Rule 9013-

1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in

connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with

Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this district pursuant

to 28 U.S.C. §§ 1408 and 1409.

---

[2]  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

4.      On July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On March 15, 2019 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 644], and Alfred T. Giuliano was appointed as the chapter 7 trustee of the Debtors' estates [Docket No. 645].

6.      On July 1, 2019, KPS Capital Partners, L.P., KPS Special Situations Fund III (A), L.P., KPS Special Situations Fund III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Special Situations Fund III, LP, and KPS Cayman Management III, Ltd. filed the *Request of KPS for Allowance and Payment of Chapter 11 Administrative Expense Claims Pursuant to 11 U.S.C. Section 503(b)* [Docket No. 803] (the "KPS Administrative Claim"), seeking allowance and payment of its administrative expense claims in an amount that is no less than $1,938,020.11 plus any amounts owing on account of the Adequate Protection Claims (as defined in the KPS Administrative Claim) to the extent of any diminution in the value of the Pre-Petition Collateral (as defined in the KPS Administrative Claim).

7.      On July 29, 2020, the Trustee filed a complaint (the "Complaint"), initiating the above-captioned adversary proceeding (the "Adversary Proceeding") against KPS and PNC Bank, National Association, as nominal defendant.  In the Complaint, the Trustee sought, among other counts, recharacterization of the KPS Term Loan (including the Cash

3

Infusions) (each as defined in the Complaint) and the Participation (as defined in the Complaint), equitable subordination, and avoidance and recovery of allegedly fraudulent transfers of over $4.8 million.

8.      Following the filing of the Complaint, the Trustee engaged in settlement negotiations with counsel to KPS.   The Parties have agreed to resolve the Adversary Proceeding, subject to approval of the Court, on the terms and conditions set forth in the Settlement Agreement.

### Summary of the Settlement Agreement[3]

9.      As set forth in the attached Settlement Agreement, the primary terms of the Settlement Agreement are as follows:

a.      Within ten (10) business days of the Effective Date, KPS shall pay to the Trustee the aggregate sum of $45,000 (the "Settlement Payment").  The Settlement Payment shall be wired in accordance with instructions provided by the Trustee to KPS on or before the Effective Date.

b.      Within ten (10) business days of the Effective Date, KPS will withdraw the KPS Administrative Claim by filing a withdrawal notice on the docket of the main bankruptcy case, and the KPS Administrative Claim shall be deemed waived.  KPS shall not be entitled to any distribution from the estates on account of the KPS Administrative Claim.

c.      Within ten (10) business days of the Effective Date, the Trustee will withdraw the Complaint by filing a notice of dismissal with prejudice on the docket of the Adversary Proceeding.

d.      Nothing in the Settlement Agreement waives, releases or otherwise impairs secured or unsecured claim, including any deficiency claim, of KPS against the Debtors other than the KPS Administrative Claim.

e.      The Parties will exchange releases.

---

[3] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

## Relief Requested

10.     By this Motion, the Trustee seeks entry of an order approving the

Settlement Agreement, which, as stated above, is attached as <u>Exhibit 1</u> to the proposed form of

order.

## Basis for Relief Requested

11.     Section 105(a) of the Bankruptcy Code provides in relevant part that

"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to

expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies

that, while not expressly authorized by the Code, effect the result the Code was designed to

obtain."  *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.*

*v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the

procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the
> court may direct.

Fed. R. Bankr. P. 9019(a).

12.     Settlements in bankruptcy are favored as a means of minimizing litigation,

expediting the administration of the bankruptcy estate, and providing for the efficient resolution

of bankruptcy cases.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the

court may approve a compromise or settlement.  In deciding whether to approve a settlement

pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair,

reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.,* 222 B.R.

243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

13.    In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors.  *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision.  *Id.* at 395.

14.    When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness."  *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession.  *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate."  *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities."  *World Health*, 344 B.R. at 296 (internal citations omitted).

6

15.     The Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtors' estate and creditors, and should be approved pursuant to Bankruptcy Rule 9019.  The Settlement Agreement is the product of good-faith discussions and arms' length bargaining among the Parties, and the Trustee believes that the Settlement Agreement is in the best interests of the Debtors' estates.

16.     The Settlement Agreement allows the Trustee to dispense with the litigation against KPS, reducing further administrative costs.   The risk of further litigation is substantial.  The Trustee may ultimately lose on all counts in the Complaint, or, even if the Trustee were to obtain a favorable ruling from the Court, any appeals could significantly delay any recovery.  In addition, the underlying causes of action, unfortunately, faced significant hurdles at the outset.  The Final DIP Order contained certain arguably ambiguous provisions regarding the expiration of the Challenge Deadline and preservation of certain rights of the estate against KPS, thereby calling into question, and raising the risk of, pursuing the Complaint on the merits.  The Trustee could be forced to defend a motion to dismiss at the outset.  Instead, the Trustee gets the benefit of the compromises set forth in the Settlement Agreement.  In exchange for the releases, the Trustee obtains $45,000 cash for the estates and a waiver of the KPS Administrative Claim, which was asserted in the amount of $1,938,020.11 plus any amounts owing on account of the Adequate Protection Claims, to the extent of any diminution in the value of the Pre-Petition Collateral.  The Settlement Agreement has the potential to significantly improve the economics of the estate, reducing the chapter 11 administrative claims pool substantially, thereby benefiting creditors.

17.     Aside from the standards under Bankruptcy Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g.*

*Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (the trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

18.     Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is also appropriate. The Settlement Agreement provides for, among other terms, a release and waiver of potential claims among the Parties. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

<u>**Notice**</u>

19.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) KPS; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

DOCS_DE:234949.2 31270/001

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

Dated:  June 30, 2021                     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:     bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*