**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HERITAGE HOME GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11736 (BLS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of HERITAGE HOME GROUP, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br>KPS SPECIAL SITUATIONS FUND III (A), L.P.; KPS SPECIAL SITUATIONS FUND III, LP; KPS SPECIAL SITUATIONS FUND III (SUPPLEMENTAL), LP; KPS SPECIAL SITUATIONS FUND III (AIV), LP; KPS OFFSHORE INVESTORS LTD.; KPS CAPITAL PARTNERS, LP; KPS CAYMAN MANAGEMENT III LTD.; KPS INVESTORS III, LTD.; KPS INVESTORS III, LP; KPS INVESTORS III (AIV), LP; KPS INVESTORS III (AIV), LTD.,<br><br>Defendants,<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Nominal Defendant. | Adv. Proc. No. 20-50772 (BLS) |

## ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH KPS

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreement With KPS* (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506) ("HHG"); HH Global II B.V. (0165) ("HH Global II"); HH Group Holdings US, Inc. (7206) ("HHG Holdings"); HHG Real Property LLC (3221) ("HHG Property"); and HHG Global Designs LLC (1150) ("HHG Designs").

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_DE:234949.2 31270/001

Bankruptcy Rule 9019, approving a settlement agreement (the "Settlement Agreement") by and between (a) the Trustee and (b) KPS Special Situations Fund III (A), L.P., KPS Special Situations Fund III, LP,  KPS Special Situations Fund III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Offshore Investors Ltd., KPS Capital Partners, LP, KPS Cayman Management III Ltd., KPS Investors III, Ltd., KPS Investors III, LP, KPS Investors III (AIV), LP, and KPS Investors III (AIV), Ltd. (collectively, "KPS," and together with Trustee, the "Parties"); a copy of which Settlement Agreement is attached to this Order as Exhibit 1; the Court having reviewed the Motion and the Settlement Agreement and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution**,** (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreement (i) is the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) is fair, reasonable, appropriate and in the best interests of the Debtors' estates and (iii) represents a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreement provided sufficient consideration for the transactions contemplated by the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

      1.      The Motion is granted as set forth herein.

2.      The terms of the Settlement Agreement attached hereto as <u>Exhibit 1</u> are incorporated by reference and APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3.      The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreement and perform their obligations provided for thereunder.

4.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or any other Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

# **EXHIBIT 1**

## **Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement") is entered into by and between Alfred T. Giuliano, solely in his capacity as chapter 7 trustee (the "Trustee") for the jointly administered bankruptcy estates of Heritage Home Group LLC, *et al.* (the "Debtors"), and KPS Special Situations Fund III (A), L.P., KPS Special Situations Fund III, LP,  KPS Special Situations Fund III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Offshore Investors Ltd., KPS Capital Partners, LP, KPS Cayman Management III Ltd., KPS Investors III, Ltd., KPS Investors III, LP, KPS Investors III (AIV), LP, and KPS Investors III (AIV), Ltd. (each, a "KPS Entity" and collectively, "KPS," and together with Trustee, the "Parties").

## RECITALS

WHEREAS, on July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b);

WHEREAS, on August 29, 2018, the Court entered the final DIP financing order [Docket No. 209] (the "Final DIP Order");

WHEREAS, on March 15, 2019, the Court entered an order converting the chapter 11 cases to cases under chapter 7 and the Trustee was appointed as the chapter 7 trustee of the Debtors' estates;

WHEREAS, on July 1, 2019, KPS Capital Partners, L.P., KPS Special Situations Fund III (A), L.P., KPS Special Situations Fund III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Special Situations Fund III, LP, and KPS Cayman Management III, Ltd. filed the *Request of KPS for Allowance and Payment of Chapter 11 Administrative Expense Claims*

*Pursuant to 11 U.S.C. Section 503(b)* [Docket No. 803] (the "<u>KPS Administrative Claim</u>"), seeking allowance and payment of its administrative expense claims in an amount that is no less than $1,938,020.11 plus any amounts owing on account of the Adequate Protection Claims (as defined in the KPS Administrative Claim), to the extent of any diminution in the value of the Pre-Petition Collateral (as defined in the KPS Administrative Claim);

WHEREAS, on July 29, 2020, the Trustee filed a complaint (the "<u>Complaint</u>"), initiating an adversary proceeding (Adv. Pro. No. 20-50772 (BLS)) (the "<u>Adversary Proceeding</u>") against KPS and PNC Bank, National Association, as nominal defendant. In the Complaint, the Trustee sought, among other counts, recharacterization of the KPS Term Loan (including the Cash Infusions) (each as defined in the Complaint) and the Participation (as defined in the Complaint), equitable subordination, and avoidance and recovery of allegedly fraudulent transfers of over $4.8 million;

WHEREAS, the Trustee, on behalf of the Debtors' estates, and KPS, through their respective professional advisors, have engaged in extensive good faith and arm's-length negotiations and have agreed to resolve the Adversary Proceeding, on the terms set forth in the Settlement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to Court approval, the Parties hereby agree that:

1.      The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2.      Promptly after the execution of this Settlement by the Parties, the Trustee shall file a motion with the Court seeking approval of this Settlement.

3.      This Settlement shall become effective on the date the Court enters an unstayed order authorizing and approving this Settlement (the "Effective Date").

4.      Within ten (10) business days of the Effective Date, KPS shall pay to the Trustee the aggregate sum of $45,000 (the "Settlement Payment").  The Settlement Payment shall be wired in accordance with instructions provided by the Trustee to KPS on or before the Effective Date.

5.      Within ten (10) business days of the Effective Date, KPS will withdraw the KPS Administrative Claim by filing a withdrawal notice on the docket of the main bankruptcy case, and the KPS Administrative Claim shall be deemed waived.  KPS shall not be entitled to any distribution from the estates on account of the KPS Administrative Claim.

6.      Within ten (10) business days of the Effective Date, the Trustee will withdraw the Complaint by filing a notice of dismissal with prejudice on the docket of the Adversary Proceeding.

7.      Nothing in this Settlement waives, releases or otherwise impairs any secured or unsecured claim, including any deficiency claim, of KPS against the Debtors other than the KPS Administrative Claim.

8.      Effective on the Effective Date, and except for any obligations under this Settlement, the Trustee, the Debtors and the Debtors' estates, on behalf of themselves and any other person that may purport to assert any claim or cause of action derivatively by or through the foregoing persons, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each KPS Entity and each of their respective affiliates, subsidiaries, successors and assigns, and with respect to each of the foregoing, each of their respective officers, directors, employees, partners, members, managers, investors, representatives, attorneys, accountants, financial advisors, and other professional advisors (collectively, the "KPS Releasees") from any and all claims (including, but not limited to, all

claims arising under chapter 5 of the Bankruptcy Code or any state or foreign fraudulent transfer laws), manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, in law or equity, which the Trustee and the Debtors' estates have, had, may have, or may claim to have against the KPS Releasees based on, relating to or in any manner arising from, in whole or in part, the Debtors, the Debtors' bankruptcy cases, each of their estates, the Adversary Proceeding or any other act or omission related to any of the foregoing occurring on or prior to the Effective Date.

9.      Subject to paragraph 7 hereof, effective on the Effective Date, and except for any obligations under this Settlement, the KPS Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each of the Trustee (solely in his capacity as the chapter 7 trustee), the Debtors, the Debtors' estates, each of their respective affiliates, subsidiaries, successors and assigns, and with respect to each of the foregoing, each of their respective employees, representatives, attorneys, accountants, financial advisors, and other professional advisors (together, the "Trustee Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, in law or equity, which the KPS Releasees have, had, may have, or may claim to have against the Trustee Releasees based on, relating to or in any

manner arising from, in whole or in part, the Debtors, the Debtors' bankruptcy cases, each of their estates, and the Adversary Proceeding or any other act or omission related to any of the foregoing occurring on or prior to the Effective Date.

10. Miscellaneous Provisions.

a. No provision of this Settlement is intended to or shall affect or benefit any persons beyond the Parties, except with respect to the releases under the above releases.

b. This Settlement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Adversary Proceeding.

c. The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Adversary Proceeding and this Settlement. In the event of any dispute in connection with the enforcement of this Settlement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

d. The Parties agree that if any provision of this Settlement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement that is illegal, invalid, or unenforceable.

e. This Settlement is an integrated document, containing the entire undertaking between the Parties regarding the matters addressed herein, and, except as set forth in this Settlement, no representations, warranties, promises, inducements or considerations have been made or relied upon by the Parties.

f.      This Settlement shall supersede all prior communications between the Parties or their representatives regarding the matters contained herein.

g.      This Settlement shall be binding upon and shall inure to the benefit of the Parties and each of their respective heirs, executors, legal representatives, successors and permitted assigns.

h.      This Settlement shall survive the dismissal of the bankruptcy cases of the Debtors and the discharge of the Trustee and shall be binding on the Parties, any subsequent trustees that may be appointed, the Debtors, their estates, and their successors and/or assigns.

i.      This Settlement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereupon and all of which shall constitute one and the same instrument.  This Settlement shall be deemed fully executed when one or more counterparts hereof, individually or taken together, shall bear the signatures of the Parties.

j.      The undersigned Parties, by and through their respective counsel, hereby represent and warrant that: (a) they have full authority to execute this Settlement; (b) they have full knowledge of, and have consented to, this Settlement; and (c) they are fully authorized to bind themselves to all of the terms and conditions of this Settlement.

k.      This Settlement shall be deemed to have been drafted by both Parties and, in the event of a dispute, no Party shall be entitled to claim that any provision hereof should be construed against any other Party by reason of the fact that it was drafted by one particular Party.

l.      This Settlement shall be governed by and construed in accordance with the law of the state of Delaware without regard to any choice of law provisions.

m.    The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties expressly consent to such jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Settlement.

[Signature Page Follows]

IN WITNESS WHEREOF, this Settlement is hereby executed as of the last date set forth below:

ACCEPTED AND AGREED TO BY:

Dated: June 30, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

                                     */s/ Peter J. Keane*
                                     Bradford J. Sandler (DE Bar No. 4142)
                                     Colin R. Robinson (DE Bar No. 5524)
                                     Peter J. Keane (DE Bar No. 5503)
                                     919 N. Market Street, 17th Floor
                                     Wilmington, DE 19801
                                     Telephone: (302) 652-4100
                                     Facsimile: (302) 652-4400
                                     Email:  bsandler@pszjlaw.com
                                          crobinson@pszjlaw.com
                                          pkeane@pszjlaw.com

                                     *Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

Dated: June 30, 2021                    COZEN O'CONNOR

                                     */s/ Mark E. Felger*
                                     Mark E. Felger (DE Bar No. 3919)
                                     1201 N. Market Street, Suite 1001
                                     Wilmington, DE  19801
                                     Phone:  (302) 295-2000
                                     Email: mfelger@cozen.com

                                     and

                                     PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                     Jeffrey D. Saferstein, Esquire
                                     Jacob A. Adlerstein, Esquire
                                     Sarah Harnett, Esquire
                                     1285 Avenue of the Americas
                                     New York, NY  10019
                                     Phone:  (212) 373-3000
                                     Email: jsaferstein@paulweiss.com
                                          jadlerstein@paulweiss.com
                                          sharnett@paulweiss.com

                                     *Counsel for KPS*